### KIRBY v HASER, et

Ohio Appeals, 9th Dist., Summit Co.
No. 1737.  Decided May 21, 1930

Commins, Brouse, Englebeck & McDowell, Akron, and Robert S. Dechant, Lebanon, for Kirby.

McCuskey, Cotton & Short, Cuyahoga Falls, for Haser, et.

of title of the defendants and being especially excepted from the grant of defendants' premises in the conveyance made of the same by the grantor who granted said rights in said spring, constituted notice to the defendants and that they are charged with knowledge of the rights of plaintiff in said spring and that the defendants have no right to interfere with the plaintiff in the exercise of said rights.

We are not impressed with the claim that the parties did not intend by said writing to grant the right to take said water by the method and means employed for the last forty years and use the same as it has been used during said time. We think the method of conveyance and the use made of said water is not substantially different than that intended by the parties, and it is apparent to us that the plaintiff does not have an adequate remedy at law.

A decree may be entered for the plaintiff, enjoining the defendants from interfering with said spring and with plaintiff's right to conduct water from said spring to plaintiff's property by the method and means in use at the time defendants took possession of their premises, and from interfering with the plaintiff going upon the property of the defendants at all reasonable times to repair and maintain said spring and said pipes in a proper condition to enjoy the grant to use said spring water as it has been used during the last forty years.

FUNK, P.J., PARDEE, J., and WASHBURN, J., concur.

## PER CURIAM

We think that by the aforementioned writing there was granted to the owner of the premises now owned by the plaintiff, and his heirs, a perpetual right to conduct the water from said spring to the premises now owned by the plaintiff; that said right is not a personal right but is appurtenant to and passes with said premises, and that said right has been continuously exercised by the owners of said premises since that time, and that said grant being in the chain